# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILBERT LESLIE,

    Petitioner,

vs.

E. K. MCDANIEL, et al.,

    Respondents.

Case No. 3:08-CV-00453-ECR-(VPC)

**ORDER**

       Before the court are respondents' motion to dismiss (#34), petitioner's opposition (#46), and respondents' reply (#47). The court finds that grounds 3 through 8 of the second amended petition (#30) are procedurally defaulted and untimely, and the court grants the motion to dismiss.

       After a jury trial in the Eighth Judicial District Court of the State of Nevada, petitioner was convicted of burglary, robbery with the use of a deadly weapon, and first-degree murder with the use of a deadly weapon. For the count of murder, petitioner was sentenced to death. Ex. 18 (#40). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 24 (#40).

       Petitioner then filed a proper-person post-conviction habeas corpus petition in state court. Ex. 31 (#41). Counsel was appointed, and counsel filed a supplemental petition. Ex. 32 (#41). The district court denied the petition. Ex. 35 (#41). Petitioner appealed. The Nevada Supreme Court affirmed the finding of guilt, but it vacated the death sentence and remanded to the district court for a new penalty hearing. Ex. 41 (#41).

After returning to the district court, the parties entered into a penalty hearing agreement. The prosecution agreed not to seek the death penalty. Petitioner agreed to be sentenced to life imprisonment without the possibility of parole for first-degree murder and to an equal an consecutive term for the use of a deadly weapon. Petitioner agreed to be sentenced to ten years imprisonment for the burglary count. On the count of robbery with the use of a deadly weapon, petitioner agreed to be sentenced to fifteen years for robbery and an equal and consecutive term for use of a deadly weapon. The sentences for those two counts run concurrently with the sentences for first-degree murder with the use of a deadly weapon. Ex. 44 (#42). The court agreed and sentenced petitioner accordingly. Ex. 47 (#42). Petitioner appealed, and then he voluntarily dismissed his appeal. Ex. 50 (#42).

Petitioner then commenced this action. His original petition (#10) contained eight grounds. Ground 1 was a claim of prosecutorial misconduct for injecting personal opinion into the closing argument, and it also was a claim of ineffective assistance of counsel for not objecting to that misconduct. Ground 2 was a claim that the district court erred in allowing the testimony of one witness with whom the prosecution had bargained for particular testimony. These two grounds have remained the same in the first amended petition (#29) and the second amended petition (#30); respondents acknowledge that these grounds are properly before the court for a decision on the merits. Grounds 3 though 8 of the original petition (#10) were claims of error in the penalty hearing that led to petitioner being sentenced to death. The court dismissed those grounds because the death sentence had been vacated and petitioner had agreed to be sentenced to two consecutive terms of life imprisonment without the possibility of parole. Order (#9). Petitioner then asked to stay this action while he pursued more post-conviction remedies in the state courts. The court granted his request. Order (#22).

Petitioner filed a second post-conviction petition in the state district court. Ex. 51, 52 (#42). That court dismissed the ground because it was untimely, successive, and abusive of the writ. Ex. 56 (#42) (citing Nev. Rev. Stat. §§ 34.726, 34.810). Petitioner appealed. The Nevada Supreme Court affirmed the denial for the same reasons. Ex. 58 (#42).

Petitioner returned to the court with his first amended petition (#29). The court dismissed ground 3 in that petition because it was a claim of error in the state post-conviction proceedings. The court also directed petitioner to amend grounds 4 through 9 of that petition because he was claiming ineffective assistance of post-conviction counsel, and petitioner had no such right guaranteed by the Constitution of the United States. Order (#28). Petitioner then filed a second amended petition (#30) that omitted the claim of error in the state post-conviction proceedings and that corrected the defects in the other grounds.

Respondents first argue that petitioner has procedurally defaulted grounds 3 through 8, which he presented to the state courts for the first time in his second state habeas corpus petition. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986). The grounds for dismissal upon which the Nevada Supreme Court relied in this case are adequate and independent state rules. Vang v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810); Loveland v. Hatcher, 231 F.3d 640 (9th Cir. 2000) (Nev. Rev. Stat. § 34.726); Moran v. McDaniel, 80 F.3d 1261 (9th Cir. 1996) (same).

To demonstrate cause to excuse a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. Murray, 477 U.S. at 488.

To show prejudice, the petitioner "must establish 'not merely that the errors at his trial constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Correll v. Stewart, 137 F.3d 1404, 1415 (9th Cir. 1998) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

Petitioner unpersuasively argues that cause exists to excuse the procedural default because appellate counsel provided ineffective assistance by failing to raise the issues in grounds 3 through 8 on direct appeal. The problem with this argument is that grounds 3 through 8 are claims of ineffective assistance of counsel. Appellate counsel could not have raised claims of ineffective assistance of counsel on direct appeal unless the district court had conducted an evidentiary hearing on the matter, which did not occur in this case. Gibbons v. State, 634 P.2d 1214, 1216 (Nev. 1981). Furthermore, respondents correctly note the absurdity of appellate counsel trying to raise grounds 3 and 4 on direct appeal, because those grounds are claims of ineffective assistance of appellate counsel. If appellate counsel thought that he needed to present an issue to the Nevada Supreme Court, then he simply would have presented it.

Because petitioner has not shown cause to excuse the procedural default, the court will not consider whether he has shown prejudice.

Respondents next argue that grounds 3 through 8 are untimely. Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A judgment, if appealed, becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Bowen v. Roe, 188 F.3d 1157, 1158-60 (9th Cir. 1999). See also Sup. Ct. R. 13(1). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). The petitioner effectively files a

federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

The court bases its calculations upon entry of the amended judgment of conviction, on March 16, 2007. See Ex. 47 (#42). The Court of Appeals for the Ninth Circuit addressed the equivalent question regarding amended judgments and the one-year period of limitation on a motion attacking a federal-court sentence pursuant to 28 U.S.C. § 2255. The court held that in cases in which it "either partially or wholly reverse[s] a defendant's conviction or sentence, or both, and expressly remand[s] to the district court . . . the judgment does not become final, and the statute of limitations does not begin to run, until the district court has entered an amended judgment and the time for appealing that judgment has passed." United States v. Colvin, 204 F.3d 1221, 1225 (9th Cir. 2000). This Court assumes that Colvin applies to a determination of when a state judgment of conviction becomes final for the purposes of 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed that judgment, and then he voluntarily dismissed it. Ex. 50 (#42). The court will give petitioner the benefit of the doubt and assume for the purposes of this order that he could have petitioned the Supreme Court of the United States for a writ of certiorari, even though he dismissed his own appeal. The amended judgment became final on June 5, 2008, and the period of limitation began to run the next day. Petitioner's second state habeas corpus petition did not toll the period of limitation, because it was untimely. Pace, 544 U.S. at 417.

Although the action is timely, grounds 3 through 8 are untimely because they do not relate back to the original petition (#10). Relation back, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, is allowed "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts . . . ." Mayle v. Felix, 545 U.S. 644, 664 (2005). Petitioner effectively commenced this action on August 17, 2008, 73 days after his amended judgment of conviction became final, when he mailed his original petition (#10). However, he did not raise in the original petition (#10) the claims contained in grounds 3 though 8 of the second amended petition (#30). In ground 1 of the original petition (#10), petitioner claimed that the prosecution inserted a personal opinion about the truthfulness of witness Rhesa Gamble, along with a claim of ineffective assistance of counsel for not objecting to the comment. In ground 2 of the original

-5-

petition (#10), petitioner claimed that the trial court should not have allowed Gamble to testify because she bargained with the prosecution for particular testimony. Grounds 3 through 8 of the second amended petition (#30) do not share with grounds 1 and 2 of the original petition[1] (#10) a common core of operative facts. Grounds 3 through 8 of the second amended petition (#30) do relate back to the first amended petition (#29) because they share a common core of operative facts with grounds 4 through 9 of the first amended petition (#29). The problem is that petitioner mailed the first amended petition (#29) on November 30, 2009, 543 days after the amended judgment of conviction became final, and after the one-year period of limitation had expired.

Petitioner unpersuasively argues that he asked for a stay of this action to avoid the issue of timeliness. Filing a federal petition to protect against the statute of limitation and then seeking a stay while exhausting available state-court remedies is an acceptable reason to stay the action. Pace, 544 U.S. at 416 (citing Rhines v. Weber, 544 U.S. 269 (2005)). However, Rhines assumes that the petition being stayed contains the grounds not yet exhausted in state court. The original petition (#10) did not contain what are now grounds 3 through 8 of the second amended petition (#30). Until petitioner filed his first amended petition (#29), this court had no knowledge of those claims.

Although at casual glance it seems as if petitioner was caught in a trap because he was an unwary pro se litigant, the circumstances of the case indicate otherwise. If petitioner had raised in his original petition (#10) the claims that he now presents in grounds 3 through 8 of the second amended petition (#30), respondents almost certainly would have moved to dismiss the original petition (#10) for containing unexhausted claims. See 28 U.S.C. § 2254(b). If petitioner then asked the court to stay the action pursuant to Rhines, his argument of cause for failure to exhaust those grounds would have been the same as his argument of cause to excuse the procedural default: Appellate counsel was ineffective for not raising those grounds on direct appeal. The court would have denied a stay for the same reason why it actually found no cause to excuse the

---

[1] The dismissed grounds 3 through 8 of the original petition (#10) are irrelevant to the question of relation back because they raised issues of the now-vacated penalty hearing.

procedural default: Appellate counsel could not have raised the claims of ineffective assistance of counsel on direct appeal.  Either way, the claims now contained in grounds 3 through 8 of the second amended petition (#30) would have been dismissed.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#34) is **GRANTED**.  Grounds 3 through 8 of the second amended petition (#30) are **DISMISSED** with prejudice as procedurally defaulted and untimely.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to file an answer, which shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

DATED:   January 26, 2011

_____
EDWARD C. REED
United States District Judge